UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINGS CASINO MANAGEMENT CORP., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | Case No.: 25-cv-1494-AJB-MMP<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**<br><br>[ECF No. 17] |

Before the Court is the parties' Joint Motion for Protective Order. ECF No. 17. The Court **GRANTS** the joint motion and enters the following Protective Order as modified in paragraphs 10, 11, and 27 below.

//

//

//

1

## Protective Order

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain confidential information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. **Therefore:**

## Definitions

1.  The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2.  The term "materials" will include, but is not limited to: documents; correspondence; memoranda; bulletins; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; video; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches;

drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; and models and prototypes and other physical objects.

3. The term "counsel" means outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms, Halpern May Ybarra Gelberg LLP, Werner Ahari Mangel LLP, and Troutman Pepper Locke LLP, as well as in-house attorneys for plaintiffs Kings Casino Management Corp. and Stones South Bay Corp. (collectively, the "Casinos"), and defendant U.S. Specialty Insurance Company ("USSIC").

## General Rules

4. Each party or non-party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL."

    a. Designation as "CONFIDENTIAL": Any party or non-party subject to this Order may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

5. Whenever a deposition taken on behalf of any party or non-party subject to this Order involves a disclosure of confidential information of any party:

    a. the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action

of the portions of the transcript to be designated "CONFIDENTIAL."

    b.    the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 7 below; and

    c.    the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

6.    All confidential information designated as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

7.    Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (upon execution of **Exhibit A**), by court personnel, and by the additional individuals listed below, provided each such individual has been advised of their obligations hereunder:

    a.    Current or former personnel of the parties engaged in assisting in the conduct of this litigation;

    b.    Those officers, directors, employees, and agents of the parties, experts and consultants to whom disclosure is reasonably necessary for this litigation, as well as any other person indicated

                on the face of the document to be its originator, author, or a recipient, provided that the person does not keep the document or make any copy, recording or other memorialization of the document or its contents;

      c.    Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action;

      d.    Stenographic and clerical employees associated with the individuals identified above, as well as outside vendors (including copying and litigation support services) that are directly assisting counsel in the litigation of this matter, and who are under the supervision or control of such counsel;

      e.    Any other person as required by law, regulation, governmental agency, subpoena, or order of a court of competent jurisdiction,; and

      f.    The parties' respective parents, subsidiaries, affiliates, claim administrators, insurers, reinsurers, retrocessionaires, regulators, auditors, or accountants with a legitimate need for access to such "CONFIDENTIAL" information.

8. All information that has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

9. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents that

are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

10. Specifically, no document shall be filed under seal unless counsel secures a court order allowing the filing of a document, or portion thereof, under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the Chambers of the judge who will rule on the application, to notify the Court that an opposition to the application will be filed.

11. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. The parties must thereafter meet and confer in accordance with Civil Local Rule 26.1(a) and Judge Pettit's Civil Chambers Rules. If the dispute is not resolved consensually between the parties within fourteen (14) calendar days of receipt of such a written notice of objections, the parties may jointly request the Court's assistance with the dispute in accordance with Judge Pettit's Civil Chambers Rules. The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

12. All confidential information must be held in confidence by those inspecting or receiving it and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a

person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

13. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

14. If a party or non-party subject to this Order, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

15. Nothing within this Order will prejudice the right of any party to object to the production of any discovery materials on the grounds that the material is protected as privileged or as attorney work product.

16. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

17. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

18. Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

19. Upon the final termination of this action by settlement or exhaustion of all appeals, the parties shall take reasonable efforts to destroy all confidential information except as required by the parties' standard record destruction procedures, in which case the parties shall maintain all confidential information in its standard storage facility and shall destroy the documents in accordance with its standard record destruction procedures, subject to any applicable litigation hold or any other document or information hold imposed by any governmental body, auditor, reinsurer, or court order. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work-product materials and internal communications involving counsel that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession will continue to be bound by this Order with respect to all such retained information.

20. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge

other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

21. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

22. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

23. This Order may be modified by agreement of the parties, subject to approval by the Court.

24. The Court may modify the terms and conditions of this Order for good cause or in the interest of justice at any time during these proceedings. The parties respectfully request that, where feasible, the Court provide advance notice of any such intended modifications and their content prior to entry.

25. The Court may modify the Order sua sponte in the interests of justice or for public policy reasons on its own initiative.

### Agreement Under Federal Rule of Evidence 502

26. If information subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such information should not be made to any party, is nevertheless inadvertently produced to such party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled. If a claim of inadvertent production is made pursuant to this Paragraph with respect to information then in the custody of another party, such receiving party shall promptly return to the producing party that material as to which the claim of inadvertent

production has been made. The party returning such material may then move the Court for an order compelling production of the material if, in good faith, it believes that it has a basis for doing so, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production. The producing party shall promptly submit the contested material to the Court for in camera review, if the Court so directs. This Paragraph shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) to the producing party, which shall not be required to prove the elements of Federal Rule of Evidence 502(b) in the event of an inadvertent production.

27. Without separate court order, this Order and the parties' stipulation do not change, amend, or circumvent any court rule or local rule.

**IT IS SO ORDERED.**

Dated: November 14, 2025

_____
HON. MICHELLE M. PETTIT
United States Magistrate Judge

Exhibit A

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ (name), hereby declare under penalty of perjury I have read in its entirety and understand the Protective Order ("Order") that was issued by the United States District Court for the Southern District of California on _____ (date), in the case of *Kings Casino Management Corp. and Stones South Bay Corp. v. U.S. Specialty Insurance Company*, United States District Court, Southern District of California, Case No. 3:25-cv-01494-AJB-MMP. I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity, except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____    By: _____
                                    Signature

                             _____
                                    Title

                             _____
                                    Address

                             _____
                                    City, State, Zip

                             _____
                                    Telephone Number

Exhibit A